IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH KIM,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERDENT INC., *et al.*<br><br>    Defendants.<br>_____/ | No. C 08-5565 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND** |

Defendants have filed a motion to dismiss the complaint. This motion is scheduled for a hearing on May 29, 2009. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. The Court will hold a case management conference on June 5, 2009 at 2:30 p.m. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendants' motion. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **June 5, 2009**.

**BACKGROUND**

This is a wrongful death and negligence action brought by the surviving spouse of decedent Dr. Richard D. Bae ("Dr. Bae") against InterDent, Inc. ("InterDent").[1] InterDent is one of the largest providers of dental practice management services to multi-specialty dental practices in the United States. Compl. ¶ 5. Plaintiff alleges that beginning in September 2005, Dr. Bae, an oral surgeon, worked as an

---

[1] The complaint alleges that InterDent, a Delaware corporation, is a/k/a InterDent Service Corporation, a Washington corporation, a/k/a, Gentle Dental, a/k/a Mountain View Dental, a/k/a blue Oak Dental Group, a/k/a Dedicated Dental, a/k/a Affordable Dental Care, a/k/a/ Capital Dental. Compl. ¶ 4. The complaint refers to these entities collectively as "InterDent."

independent contractor for InterDent and performed oral surgeries in dental offices that were owned and managed by InterDent. The complaint alleges that "Dr. Bae's exhausting schedule had a detrimental effect on his health and well-being, which he expressed to InterDent management on numerous occasions," but that "InterDent made no effort to address Dr. Bae's concerns." *Id*. ¶ 13.

The complaint alleges that Dr. Bae's duties as an oral surgeon required access to and administration of controlled substances and surgical anesthesia. *Id*. ¶ 14. According to the complaint, InterDent did not have a centralized location for these substances. *Id*.

> As some offices were more equipped than others, Dr. Bae was often given controlled substances from one InterDent office for use in another office. Occasionally, Dr. Bae transported bulk quantities of controlled substances for use in different InterDent offices. One of the controlled substances that Dr. Bae would transport in bulk quantities was Fentanyl, an opioid analgesic with potency approximately eighty times greater than morphine, and a high potential for abuse. Fentanyl is a narcotic pain reliever, generally used with anesthesia for surgery or other procedures. InterDent never asked Dr. Bae, as it was required to do, for logs of controlled substances administered to patients.

*Id*. The complaint alleges that Mike Bazan, whose mother managed InterDent's Fremont office, frequently worked as a surgical assistant for Dr. Bae, and the complaint alleges upon information and belief that "InterDent would dispense controlled substances, including Fentanyl, to Mr. Bazan, who would then deliver them to Dr. Bae." *Id*. ¶ 15.

The complaint alleges that on or about July 2006, Bae began to use Fentanyl obtained from defendants in order to cope with his workload. *Id*. ¶ 17. On December 13, 2006, Dr. Bae overdosed on Fentanyl and collapsed on the bathroom floor of an InterDent office in Stockton, California. *Id*. Paramedics were able to restore Dr. Bae's breathing, but he lapsed into a coma and never regained consciousness. *Id*. On February 22, 2007, Dr. Bae's feeding tube was removed, and he died on April 16, 2007 at the age of 37. *Id*. ¶ 18.

Invoking diversity jurisdiction, plaintiff filed a complaint against InterDent in this Court for wrongful death and negligence. InterDent moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

2

fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.     Duty of care**

InterDent contends that the complaint does not state facts which give rise to the existence of a duty. The existence of a legal duty is a question of law. *See Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 114 (1992). InterDent states that it is unable to find any case law discussing the duties owed by a supplier of controlled substances to a physician or dentist who is legally permitted to

3

1 handle those substances.[2] InterDent argues, however, that the Court should be guided by cases
2 involving the provision of dangerous instrumentalities such as cars and firearms. Those cases hold that
3 "a person owes a duty of care not to provide a dangerous instrumentality to an individual whose use of
4 the instrumentality the supplier knows, or has reason to know, will result in injury." *Id.* at 116. In the
5 absence of directly on-point authority, the Court agrees that *Jacoves* is instructive because controlled
6 substances are dangerous instrumentalities akin to cars and firearms.

7 InterDent argues that the complaint does not allege that InterDent knew or had reason to know
8 that Dr. Bae intended to use the Fentanyl to self-medicate. The Court agrees. The complaint alleges
9 that InterDent provided Dr. Bae with controlled substances for his dental work, and that InterDent did
10 not properly secure, monitor and track these substances. However, the complaint does not allege that
11 InterDent knew or had reason to know that Dr. Bae was using the Fentanyl himself. The Court
12 GRANTS InterDent's motion to dismiss the complaint with leave to amend.

13 InterDent also raises a number of factual arguments in its motion. InterDent asserts that Dr. Bae,
14 not InterDent, procured the Fentanyl, and therefore that InterDent was under no duty to secure, monitor
15 and track the controlled substances in Dr. Bae's possession. InterDent also claims that it did not owe
16 Dr. Bae a legal duty of care because it had no control over the terms and conditions of Bae's
17 employment. InterDent claims that as a result of various corporate agreements, Dr. Bae was an
18 employee of Tancio, not InterDent, and that therefore InterDent had no duty to supervise Dr. Bae.
19 Finally, InterDent asserts that Dr. Bae's death was actually a suicide, and that the duty to prevent suicide
20 cannot be imposed here because Dr. Bae's relationship to InterDent does not fall within the recognized
21 categories of special relationships recognized by courts, such as the relationship between a psychiatrist
22 and patient.

23 InterDent's factual arguments are based on matters outside the pleadings and will not be

---

[2] InterDent also argues that it did not in fact supply Dr. Bae with fentanyl and other controlled substances. The Court addresses that factual argument *infra*.

4

1 considered for purposes of analyzing the present motion.[3] On a motion to dismiss, the Court must
2 assume that plaintiff's allegations are true. Here, plaintiff alleges that InterDent ordered, possessed,
3 stored and dispensed controlled substances, and that InterDent dispensed controlled substances to Dr.
4 Bae through Mr. Bazan; that Dr. Bae worked as an independent contractor for InterDent; and that Dr.
5 Bae's death was as a result of an accidental overdose. *Id.* ¶¶ 9-10, 16-17. InterDent may renew its
6 factual arguments in a motion for summary judgment.

**2.     Workers Compensation Act**

InterDent also contends that plaintiff's claims are preempted by the Worker's Compensation Act. InterDent argues that because the complaint alleges that InterDent controlled the manner and means by which Dr. Bae worked as an oral surgeon, Dr. Bae should be considered an employee of InterDent, and not an independent contractor as alleged in the complaint. InterDent argues that Dr. Bae's death was collateral to his work-related injuries because the complaint alleges that Dr. Bae began to use Fentanyl in order to cope with his "unusual and vigorous work conditions," and thus any injuries flowing from his death are compensable only through the exclusive remedies provided by the Workers Compensation Act. Finally, InterDent argues that because the complaint alleges Dr. Bae began to use Fentanyl on or about July 2006, plaintiff is beyond the one year statute of limitations to file a worker's compensation claim.

As InterDent acknowledges, the determination of whether an individual is an employee or an independent contractor is a factual one. Here, plaintiff alleges that Dr. Bae was an independent contractor, and the Court cannot resolve this factual question on the pleadings. The principal factor in determining whether an individual worker is an employee or an independent contractor is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Varisco v. Gateway Science and Engineering, Inc.*, 166 Cal. App.4th 1099, 1103 (2008) (internal quotation marks omitted). Other factors considered in determining the nature of the

---

[3] For these reasons, the Court sustains plaintiff's objections to the declaration of Jeffery A. Hertzig. InterDent may renew these factual arguments in connection with a motion for summary judgment.

5

relationship are: "(a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee." *Id.* at 1103-04. InterDent may renew its arguments about Dr. Bae's employment status on a fuller factual record.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss plaintiff's complaint, and SUSTAINS plaintiff's objections. (Docket Nos. 10, 31). If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **June 5, 2009**.

**IT IS SO ORDERED.**

Dated: May 26, 2009

SUSAN ILLSTON
United States District Judge