IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH KIM,

    Plaintiff,

v.

INTERDENT INC., *et al.*

    Defendants.

No. C 08-5565 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants' motion to dismiss the first amended complaint was scheduled for a hearing on November 13, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determined that the matter is appropriate for resolution without oral argument and VACATED the hearing. For the reasons set forth below, the Court DENIES defendants' motion.

**BACKGROUND**

This is a wrongful death and negligence action brought by the surviving spouse of decedent Dr. Richard D. Bae ("Dr. Bae") against Interdent, Inc. ("Interdent").[1] Dr. Bae was an oral surgeon who worked as an independent contractor for Interdent and performed oral surgeries in dental offices that were owned and managed by Interdent. Interdent is one of the largest providers of dental practice management services to multi-specialty dental practices in the United States. First Amended Compl. ¶ 5. The complaint alleges that Dr. Bae's work as an oral surgeon required access to and administration

---

[1] The complaint alleges that Interdent, a Delaware corporation, is a/k/a Interdent Service Corporation, a Washington corporation, a/k/a, Gentle Dental, a/k/a Mountain View Dental, a/k/a Blue Oak Dental Group, a/k/a Dedicated Dental, a/k/a Affordable Dental Care, a/k/a/ Capital Dental. First Amended Compl. ¶ 4. The complaint refers to these entities collectively as "Interdent."

United States District Court
For the Northern District of California

of controlled substances, including Fentanyl, a highly addictive drug. *Id*. ¶¶14, 17. The complaint alleges that Dr. Bae began using Fentanyl obtained from Interdent, and on December 13, 2006, after several months of unlimited access and use, Dr. Bae accidentally overdosed on Fentanyl and collapsed on the bathroom floor of an Interdent office in Stockton, California. *Id*.¶ 19. Dr. Bae never regained consciousness, and on April 16, 2007, he died. *Id*. ¶ 20.

By order filed May 26, 2009, the Court granted defendants' motion to dismiss the complaint and granted plaintiff leave to amend. In that order the Court held, *inter alia*, that the complaint did not allege facts giving rise to the existence of a duty because the complaint did not allege that Interdent knew or had reason to know that Dr. Bae intended to use the Fentanyl for himself. The Court granted plaintiff leave to amend to allege additional facts regarding the existence of a duty. On June 5, 2009, plaintiff filed an amended complaint.

As with the original complaint, the amended complaint alleges that "Dr. Bae's exhausting schedule had a detrimental effect on his health and well-being, which he expressed to Interdent management on numerous occasions," but that "Interdent made no effort to address Dr. Bae's concerns." *Id*. ¶ 13. The complaint now additionally alleges that "Interdent knew, or had reason to know, that Dr. Bae's stress, fatigue, and frequent illness made him vulnerable to using drugs to manage and control these symptoms." *Id*.

According to the complaint, Interdent did not have a centralized location for controlled substances, including Fentanyl. *Id*.

> As some offices were more equipped than others, Dr. Bae was often given controlled substances from one Interdent office for use in another office. Occasionally, Dr. Bae transported bulk quantities of controlled substances for use in different Interdent offices. One of the controlled substances that Dr. Bae would transport in bulk quantities was Fentanyl, an opioid analgesic with potency approximately eighty times greater than morphine, and a high potential for abuse. Fentanyl is a narcotic pain reliever, generally used with anesthesia for surgery or other procedures. Interdent never asked Dr. Bae, as it was required to do, for logs of controlled substances administered to patients.

*Id*. The complaint alleges that Mike Bazan, whose mother managed Interdent's Fremont office, frequently worked as a surgical assistant for Dr. Bae, and the complaint alleges upon information and belief that "Interdent would dispense controlled substances, including Fentanyl, to Mr. Bazan, who would then deliver them to Dr. Bae." *Id*. ¶ 15. The amended complaint contains the new allegation that

2

Interdent knew, or had reason to know, that Fentanyl is a highly addictive drug that is harmful if misused:

> Interdent knew, or had reason to know, that if Interdent did not possess, control, store, dispense, inventory, regulate, and/or log access to and use of the Fentanyl in its possession and control, as required by law, it is likely that the availability of the highly addictive and harmful product Fentanyl would lead to the use and abuse of the Fentanyl by persons with access to the Fentanyl in the manner exposing such persons, including Dr. Bae, to unreasonable risk of harm, resulting in injury and/or death to such persons, including Dr. Bae.

*Id.* ¶ 18. According to the complaint, Interdent "was under a duty to properly secure, monitor and track these controlled substances," and "[i]t did not." *Id.* ¶ 16.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

3

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      Wrongful death and negligence claims**

Defendants have moved to dismiss the wrongful death and negligence claims alleged in the amended complaint, contending that plaintiff has still not alleged facts giving rise to a duty. The existence of a legal duty is a question of law. *See Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 114 (1992). As with the briefing on the previous motion to dismiss, the parties have not located any case law discussing the duties owed by a supplier of controlled substances to a physician or dentist who is legally permitted to handle those substances. Defendants rely on cases involving the provision of dangerous instrumentalities such as cars and firearms. Those cases hold that "a person owes a duty of care not to provide a dangerous instrumentality to an individual whose use of the instrumentality the supplier knows, or has reason to know, will result in injury." *Id*. at 116. In the previous order granting defendants' motion to dismiss, the Court held that "in the absence of directly on-point authority, *Jacoves* is instructive because controlled substances are dangerous instrumentalities akin to cars and firearms." May 26, 2009 Order at 4:5-6.

Plaintiff contends that *Jacoves* and other cases involving entrustment of dangerous instrumentalities should not guide the duty analysis, and that instead plaintiff's claims are based on Interdent's "failure to monitor and secure controlled substances that, in the hands of the public, including doctors, is likely to cause a foreseeable injury." Opposition at 6:12-14. Plaintiff relies on cases such as *Richardson v. Ham*, 44 Cal.2d 772 (1955), in which the California Supreme Court held that the owners of a bulldozer left unattended in public were under a duty to use reasonable care to prevent third parties from using the bulldozer. *See id*. at 776 ("The extreme danger created by a bulldozer in uncontrolled motion and the foreseeable risk of intermeddling fully justify imposing a duty on the owner to exercise reasonable care to protect third parties from injuries arising from its operation by intermeddlers."). Plaintiff argues that just as it is foreseeable that someone could be injured if a bulldozer is stolen, it is also foreseeable that an individual would divert, use and possibly injure

4

themselves if highly addictive drugs such as Fentanyl are left in unlocked cabinets and not monitored. Alternatively, plaintiff argues that even if *Jacoves* controls, the complaint sufficiently alleges that Interdent owed Dr. Bae a duty of care not to provide unsecured and unrestricted Fentanyl "to an individual whose use of the instrumentality the supplier knows, or has reason to know, will result in injury." *Jacoves*, 9 Cal. App.4th at 116.

Although it is a close call, the Court concludes that whether analyzed under a negligent entrustment or a failure to take precautions theory, plaintiff has alleged sufficient facts to survive a motion to dismiss. The amended complaint alleges that Dr. Bae repeatedly expressed to Interdent that his exhausting schedule had a detrimental effect on his health and well-being; that Interdent knew or should have known that Dr. Bae's stress, fatigue and frequent illness made him vulnerable to using drugs; that Dr. Bae was frequently given controlled substances for use in his work; that Interdent knew or had reason to know that Fentanyl is a highly addicted drug that is harmful if misused; and that Interdent did not properly secure or monitor its supply of Fentanyl. Based on these allegations, and in the absence of any on point authority discussing the duties owed in a situation such as this, the Court finds that plaintiff has stated claims for wrongful death and negligence.

## II. Negligence per se

Plaintiff also alleges a claim for negligence per se. The negligence per se doctrine is codified in Evidence Code Section 669, which provides:

> The failure of a person to exercise due care is presumed if: (1) he violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669; *see also Galvez v. Frields*, 88 Cal. App. 4th 1410, 1419 (2001). Plaintiff alleges that defendants violated 21 C.F.R. § 1301 *et seq.* Section 1301 which imposes requirements on "[e]very person who manufactures, distributes, dispenses, imports, or exports any controlled substance" with regard to, *inter alia*, providing effective controls and procedures to guard against theft and diversion of controlled substances, securely locking controlled substances in a cabinet, and maintaining records and

inventories of controlled substances. Plaintiff alleges that Interdent was in violation of these regulations, and that Dr. Bae was a member of the class of people to whom Interdent owed a duty and to whom the regulations were designed to protect.

Defendants move to dismiss the negligence per se claim on the ground that plaintiff has failed to plead sufficient facts to establish that the regulations apply to Interdent. Defendants argue that plaintiff has only alleged that Interdent provided dental practice management-related services, and that plaintiff has not alleged facts showing that Interdent was a "manufacturer, distributor, dispenser, exporter or importer of controlled substances" under Title 21.

Plaintiff counters that the amended complaint alleges that Interdent would "dispense" and "dispensed" controlled substances, and that under the regulations, a "dispenser" is an "individual practitioner, institutional practitioner, pharmacy or pharmacist who dispenses a controlled substance[.]" 21 C.F.R. § 1300.01(b)(11). An "institutional practitioner" is defined as "a hospital or other person (other than an individual) licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which it practices, to dispense a controlled substance in the course of professional practice, but does not include a pharmacy." *Id*. § 1300.01(b)(18). A "person" is defined as "any individual, corporation, government or governmental subdivision or agency, business trust, partnership, association, or other legal entity." *Id*. § 1300.01(b)(34). Plaintiff argues that the complaint sufficiently alleges facts to show that Interdent is an "institutional practitioner" because the complaint alleges that Interdent and Interdent Service Corporation are corporations licensed to do business in California; that Dr. Bae was given controlled substances from one Interdent office for use in another office; that Interdent would dispense controlled substances, including Fentanyl, to Mr. Bazan, who would then deliver them to Dr Bae; that the Fentanyl and other controlled substances given to Dr. Bae were purchased by Interdent; and that Interdent ordered, possessed, stored, and dispensed controlled substances.

The Court finds that the complaint sufficiently alleges that Title 21 applies to Interdent. Although the amended complaint does not directly allege that Interdent is an "institutional practitioner," the complaint does allege that Interdent dispensed controlled substances in the course of its business. Defendants argue that as a factual matter, Interdent is not an "institutional practitioner." That may be

true, and defendants may renew that argument in a motion for summary judgment after the parties have conducted discovery.

Defendants also argue that plaintiff's negligence per se claim fails because Dr. Bae's overdose was not foreseeable and is an intervening act for which Interdent is not responsible, that Dr. Bae's injury and death is not causally connected to any failure by Interdent to comply with federal regulations regarding controlled substances, and that Dr. Bae was not a member of the class the regulations were designed to protect. The Court finds that the amended complaint sufficiently alleges the other elements of a negligence per se claim, and that questions of foreseeability and causal connection raise factual questions that go beyond the pleadings.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion to dismiss. (Docket No. 38). Discovery is no longer stayed. The Court will hold a case management conference on January 29, 2010 at 3:00 pm.

**IT IS SO ORDERED.**

Dated: November 16, 2009

SUSAN ILLSTON
United States District Judge