IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH KIM, | No. C 08-5565 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER DEPOSITION OF PLAINTIFF; EXTENDING DISCOVERY DEADLINE** |
| v. | |
| INTERDENT INC., *et al.*, | |
| Defendants. | |

Defendants have filed a motion to compel plaintiff to attend a further deposition.[1]

## I.   Documents produced after plaintiff's deposition

Defendants contend they have been prejudiced because plaintiff produced a number of documents after plaintiff's deposition, and thus defendants were unable to question plaintiff about those documents. Plaintiff objects that she did not delay in producing these documents, and notes that she objected in writing to defendants' requests for the documents at issue, and defendants never met and conferred regarding the objections. Plaintiff states that she ultimately produced the documents in order to preserve her right to use them in her case. Although the Court agrees that the parties should meet and confer about objections and disputes prior to raising matters with the Court, given the asserted importance of these documents, as well as the possibility that plaintiff will rely on the same documents in her case, the Court finds that defendants should have the opportunity to question plaintiff about these documents, and thus GRANTS defendants' motion to compel in that respect.

---

[1] The parties' letter briefs are found at Docket Nos. 67, 71, 72 and 76.

## II. Plaintiff's psychiatric treatment and medications

Defendants also contend that a further deposition is necessary because plaintiff improperly refused to answer a number of questions. First, defendants contend that plaintiff should be required to answer questions about her psychiatric treatment and medications because plaintiff is seeking emotional distress damages, and thus plaintiff has put her mental state at issue. At the deposition, plaintiff testified generally as to her pain and suffering when her husband overdosed and when he died. However, when defendants questioned plaintiff about her psychiatric treatment, she invoked her right to privacy and the psychotherapist/patient privilege and refused to answer. Plaintiff argues that she is only seeking "garden variety" emotional distress damages, namely the general pain and suffering and emotional distress she suffered during the time between Dr. Bae's overdose and death. Plaintiff is not seeking any ongoing emotional distress damages.

The parties agree that because this is a diversity case, privileges are determined under California law. Fed. R. Evid. 501. California has a statutorily-created privilege for communications between a psychotherapist and a patient. Cal. Evid. Code § 1014. When a plaintiff puts her emotional condition at issue, the privilege is waived. *Id*. § 1016. "Under section 1016 disclosure can be compelled only with respect to those mental conditions the patient-litigant has 'disclose[d] . . . by bringing an action in which they are an issue'; communications which are not directly relevant to those specific conditions do not fall within the terms of section 1016's exception and therefore remain privileged." *In re Lifschultz*, 2 Cal. 3d 415, 435 (1970) (internal citation omitted). Where a plaintiff is claiming emotional distress, the question is whether the emotional distress was the "normal distress experienced as a result of the [injury] or whether it included unusual or particularly serious elements upon which prior history would be directly relevant." *Id*. at 436; *see also Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017 (1992) ("garden variety" personal injury action alleging general damages, including mental suffering and emotional distress related to accident, did not put plaintiff's mental state at issue).

The Court finds that plaintiff has not put her general mental state at issue, and therefore that the assertion of privilege was proper. Plaintiff does not have a separate claim for emotional distress, and only seeks general damages, including emotional distress, from the time of Dr. Bae's overdose through the time "about a month or so" after Dr. Bae's death. Kim depo. at 240:5-241:5. Plaintiff's counsel also

2

confirmed that plaintiff is not claiming extraordinary emotional distress, and will not be presenting any expert testimony about emotional distress. *Id*. at 97:20-99:20. Accordingly, the Court DENIES defendant's motion to compel plaintiff to answer questions about her psychiatric treatment and any medications she is taking.

### III. Plaintiff's knowledge of Dr. Bae's drug use

Defendants contend that plaintiff improperly refused to answer certain questions about her knowledge of Dr. Bae's drug use on the ground that those questions called for a confidential marital communication. California recognizes a marital communication privilege, which protects confidential communications between spouses during a marriage. Cal. Evid. Code § 980. The privilege only applies to confidential communications, and does not extend to observations. *People v. Cleveland*, 32 Cal. 4th 704, 743 (2004). Based on the Court's review of the submitted deposition excerpts, it appears that plaintiff's counsel properly asserted the privilege where the question might call for confidential communications between plaintiff and Dr. Bae, and permitted plaintiff to answer questions about her knowledge of Dr. Bae's drug use to the extent that knowledge was not based on confidential communications. If there are specific assertions of privilege that defendants contend are improper, the parties are directed to engage in a further meet and confer.

### IV. Dr. Bae's life insurance policy

Next, defendants argue that plaintiff improperly refused to answer questions about Dr. Bae's life insurance policy. At the deposition, plaintiff's counsel instructed her not to answer questions about the policy on relevance and privacy grounds. Defendants contend that they are entitled to explore whether, as a matter of impeachment, Dr. Bae or plaintiff revealed anything in the life insurance application about Dr. Bae's drug addiction, as well as how plaintiff reported Dr. Bae's death to the insurance company. Plaintiff's letter brief argues that whether plaintiff received life insurance proceeds is irrelevant under the collateral source doctrine, and objects that defendant did not raise the impeachment matters in the parties' meet and confer.

The Court finds that as a matter of impeachment, defendants are entitled to question plaintiff

3

about the life insurance application and claim for benefits, and defendants' motion to compel is GRANTED accordingly. To the extent plaintiff has raised privacy concerns about the disclosure of information about the life insurance policy, those concerns can be addressed under the existing protective order.[2]

## V.  Plaintiff's current financial condition

Defendants contend that plaintiff's current financial condition is relevant to determining her damages, and that plaintiff should be required to answer questions about how plaintiff currently supports herself. The "measure of damages [in a wrongful death case] is the value of the benefits the heirs could reasonably expect to receive from the deceased if []he had lived." *Allen v. Toledo*, 109 Cal. App. 3d 415, 423 (1980). These damages include the financial support that the decedent would have contributed to the claimant. *See* CACI 3921 ("Wrongful Death of an Adult"). Defendant has not cited any authority for the assertion that plaintiff's current financial condition is relevant to an assessment of her damages, and the one case cited by defendant, *Mize v. Atchison, T & S.F. Ry. Co.*, 46 Cal. App. 3d 436, 453 (1975), does not hold otherwise. This aspect of defendants' motion is DENIED.

## VI.  Dr. Bae's school loans

Defendants contend that they are entitled to information regarding Dr. Bae's school loans because the loans are relevant to determining Dr. Bae's income and lost earning capacity. During the deposition, plaintiff's counsel objected to questions about Dr. Bae's school loans as irrelevant. Plaintiff answered some questions about the school loans but was unable to provide specific information about whether the loans had been paid off.

The Court finds that Dr. Bae's school loans are relevant to plaintiff's claims and damages, and thus defendants' motion to compel further answers is GRANTED. Defendants may question plaintiff about the status of the loans in the resumed deposition, or, if the parties agree, plaintiff may provide the

---

[2] The parties dispute whether plaintiff waived her privacy objection through a third party's production of documents regarding the insurance policy. The Court finds that there was no waiver because plaintiff was not aware that St. Joseph's Medical Center possessed any documents about the insurance policy.

4

relevant information in a declaration or response to an interrogatory.

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART defendants' motion to compel a further deposition of plaintiff. The deposition shall be limited to four hours, and shall occur in San Francisco. The non-expert discovery deadline is extended for the purposes of scheduling and conducting plaintiff's deposition. The non-expert discovery deadline is also extended until **June 15, 2010** as to discovery regarding any individuals first disclosed in the documents produced on May 11, 2010.

**IT IS SO ORDERED.**

Dated: May 18, 2010

SUSAN ILLSTON
United States District Judge