IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH KIM,

    Plaintiff,

v.

INTERDENT INC., *et al.*,

    Defendants.

No. C 08-5565 SI

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF KAREN WEINBERGER AND RELEASE OF RECORDS PURSUANT TO MAY 6, 2010 SUBPOENA**

Defendants have filed a motion to compel the deposition of Karen Weinberger and the release of records pursuant to a May 6, 2010 subpoena issued to Ms. Weinberger. Ms. Weinberger is a licensed clinical social worker, and she treated plaintiff's deceased husband, Dr. Richard Bae. Ms. Weinberger has objected to the deposition and refused to produce records on the ground that her communications with Dr. Bae are protected by the federal psychotherapist-patient privilege. *See generally Jaffee v. Redmond*, 518 U.S. 1 (1996). However, under Federal Rule of Evidence 501, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person . . . shall be determined in accordance with State law." Fed. R. Evid. 501. Plaintiff's wrongful death and negligence claims arise under California law, and thus California privilege law applies.

California law recognizes a psychotherapist-patient privilege. However, California Evidence Code Section 1016 provides,

> There is no privilege under this article as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by:

    (a) The patient;

    (b) Any party claiming through or under the patient;

    (c) Any party claiming as a beneficiary of the patient through a contract to which the patient is or was a party; or

    (d) The plaintiff in an action brought under Section 376 or 377 of the Code of Civil Procedure for damages for the injury or death of the patient.

Cal. Evid. Code § 1016. Subsection (d) applies here because plaintiff has brought a claim for wrongful death, and thus there is no privilege as to communications between Dr. Bae and Ms. Weinberger regarding issues that are relevant to this case.[1]  Indeed, plaintiff has filed a statement stating that she does not object to Ms. Weinberger's deposition and production of documents in response to the subpoena.

    Accordingly, the Court GRANTS defendant's motion to compel. (Docket No. 91). Defendants shall meet and confer with Ms. Weinberger's counsel regarding the scheduling of the deposition and the production of documents.  In addition, Ms. Weinberger may redact non-relevant information from the records that she produces; if defense counsel wishes, the Court will conduct an *in camera* review of the records to ensure that the redactions are appropriate.  Defense counsel shall take care to limit questioning to areas that are relevant to the claims and defenses in this case.

**IT IS SO ORDERED.**

Dated: June 4, 2010

SUSAN ILLSTON  
United States District Judge

---

[1] California Civil Code § 377 was repealed in 1992, and § 377.60 is the current wrongful death statute.