IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH KIM, | No. C 08-5565 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| INTERDENT INC., *et al.*, | |
| Defendants. | |

This order addresses a number of discovery disputes that have been submitted to the Court for resolution.[1]

### I.   Plaintiff's motion to compel re: fourth set of requests for production of documents

Plaintiff's fourth set of requests for production of documents relates to a coverage dispute between InterDent and its insurance carrier, Travelers. InterDent produced to plaintiff its primary and excess insurance policies, as well as the insurer's initial denial letter and subsequent letter reserving rights. InterDent has filed a lawsuit against Travelers regarding the denial of coverage, and that case is pending (and currently stayed) in the Central District of California.

Plaintiff's motion to compel seeks, *inter alia*, all documents relating to communications between InterDent and Travelers regarding coverage of this lawsuit, all pleadings filed in the insurance coverage case, all discovery requests and discovery responses in the coverage case, and any "coverage analysis" provided to or by InterDent, InterDent's counsel, or Travelers. Plaintiff argues that its requests "seek

---

[1] The parties' letter briefs are found at Docket Nos. 100, 101, 107, 110, 111, 119, 130, 131, 146-150, 159 & 160.

information, potentially disclosed to Travelers, that relates to InterDent's position or opinion on plaintiff's claims, or as to its own affirmative defenses." Docket. No. 107 at 4. InterDent objects that plaintiff's requests seek documents that are completely irrelevant to this case, invade a number of privileges, and are burdensome.

The Court agrees with InterDent that plaintiff has not shown how the requested discovery is reasonably calculated to lead to the discovery of admissible evidence. Under Federal Rule of Civil Procedure 26(a)(1)(A)(iv), plaintiff is entitled to "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv); *see generally* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, §§ 11.290-11.295 (discussing initial disclosure obligations regarding liability insurance). InterDent has provided the insurance policies, as well as Travelers' denial letter and reservation of rights letter. To compel the production of additional documents related to InterDent's insurance policy, including the coverage dispute between InterDent and its insurer, plaintiff must show that discovery sought is somehow relevant to a claim or a defense in this case. Plaintiff has not made any showing to justify the expansive discovery sought. Plaintiff's motion to compel is DENIED.

## II.     Plaintiff's motion re: failure to preserve electronic documents

Plaintiff seeks an order compelling InterDent to produce every document, maintained on a backup disk or tape, that is responsive to any of plaintiff's requests in the first, second and third requests for production of documents. Plaintiff also wishes to reserve the right to seek additional depositions if the produced documents raise issues not covered in the depositions or written discovery already taken. Plaintiff also seeks an order that, at trial, InterDent is prohibited from presenting any testimony that would be based on the destroyed evidence, and seeks an adverse inference jury instruction. Plaintiff has submitted the deposition testimony of InterDent's PMK as to Interdent's electronically stored information. Plaintiff argues that this testimony shows that InterDent failed to preserve electronic backups dating from the filing of this lawsuit, and that InterDent made no effort to search for responsive documents on its backup disks or tapes.

2

In response, InterDent argues that at the time this lawsuit was filed in December 2008, and pursuant to InterDent's extant retention policy, all of the daily, weekly, and monthly backups from the time that Dr. Bae worked in the dental offices from 2005 through 2006 had been destroyed. In addition, the daily, weekly, and monthly backups for the entirety of 2007, with the exception of December 2007, had also already been destroyed. InterDent also notes that Dr. Bae did not have an InterDent email account, and Dr. Bae did not have access to the InterDent corporate server and thus he did not create and/or save any documents on the InterDent server. InterDent argues that there is no evidence to suggest that the destroyed backups contained any relevant documents, or that InterDent was deliberately deleting relevant data. In addition, InterDent has submitted evidence showing that the cost of recreating the data on the 2005, 2006 and 2007 tape and disk backups is approximately $142,500, not including attorney and paralegal time.

The Court finds that plaintiff has not demonstrated that the relief it seeks is warranted. The Court is not persuaded that the backup tapes and disks are likely to contain relevant documents. It is possible, as plaintiff asserts, that InterDent employees emailed each other about Dr. Bae and that those emails have not already been produced and are contained on the backup tapes and disks. However, in the Court's view the significant costs and burdens associated with recreating and searching the tapes and disks far outweigh the speculative possibility that relevant documents might be recovered on the backup tapes. The Court DENIES plaintiff's motion in all respects, except that the Court GRANTS plaintiff's request for an order prohibiting InterDent from presenting any testimony at trial that would be based on the destroyed evidence.

**III. Plaintiff's motion re: failure to preserve documentary evidence**

Plaintiff's motion arises out of InterDent's recent production of an email string dated January 13, 2010 between InterDent employees Lisa Mendonca and Dean Hanson, in which Mr. Hanson acknowledges that he threw away items contained in the "Stockton warehouse," and Ms. Mendonca states that some of those items were "items needed for the Dr. Bae case." Docket No. 100, Ex. B. Based upon this email, plaintiff seeks (1) monetary sanctions for InterDent's failure to preserve documentary evidence, (2) an order compelling the depositions of Ms. Mendonca and Mr. Hanson as

to the details of the lost or destroyed items referred to in the January 13, 2010 emails, and (3) an order compelling InterDent to produce, prior to any depositions, a log setting forth each and every document lost or destroyed since December 19, 2008, setting forth the document's author, date, document type and a description of the document's contents.

InterDent responds with a declaration from Ms. Mendonca in which she states that the "the only document I was referring to in that e-mail was my copy of the Bae/Stockton log." Mendonca Decl. ¶ 4. InterDent also states that it located the original copy of the Bae/Stockton log, and produced a copy of it to plaintiff on May 11, 2010. InterDent also argues that it was not required to produce the drug log, or other documents such as patient charts and inventory logs, because the management agreements between InterDent and the dental corporations provide that "all patient charts and records maintained by Manager [Gentle Dental] relating to the dental services of Group [dental corporation] shall be the property of Group." InterDent argues that because these records were the property of the dental corporations, InterDent did not have "possession, custody or control" over these documents. Similarly, InterDent relies on the service provider agreements between Dr. Bae and the dental corporations, which provide that "confidential or proprietary information relating to the patients and operations of group, including but not limited to, patient lists, patient charts" are the property of the dental corporations. InterDent also argues that under California law, it was Dr. Bae's responsibility to maintain and preserve drug logs. InterDent states that "while InterDent is not the owner of such documents as the inventory and drug logs requested by Plaintiff, InterDent provided those documents to Plaintiff that were located by the PCs, and in cooperation with the PC holders, as an accommodation to Plaintiff's requests." Docket No. 111 at 6.

The Court finds that plaintiff is entitled to take depositions of Ms. Mendonca and Mr. Hanson, and GRANTS plaintiff's motion to that extent. While Ms. Mendonca provided a declaration in opposition to plaintiff's motion to compel, plaintiff is entitled to explore the circumstances surrounding the loss and/or destruction of "items needed for Dr. Bae case" referred to in the January 13, 2010 emails. The depositions shall be limited to a maximum of three hours per deposition, and the questioning shall be limited to the details of the lost or destroyed items referred to in the January 13, 2010 emails. InterDent's reliance on the management agreements and Dr. Bae's independent contractor agreements

4

is misplaced, as the relevant inquiry for discovery purposes is not whether InterDent owns the documents, but whether documents are in InterDent's "possession, custody or control." Fed. R. Civ. P. 34(a)(1); *see also In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) ("[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand. . . . Thus, legal ownership of the document is not determinative."). Indeed, the declaration of Ms. Mendonca strongly suggests that InterDent had "possession, custody or control" of the drug log at issue.[2] *See* Mendonca Decl. ¶ 3 ("In June 2007, Mary Nakaki, the prior InterDent Service Corporation Regional Manager overseeing the Stockton Gentle Dental office, gave me a copy of Dr. Bae's drug log . . . for safekeeping when she and Dr. Robert Nakaki, the professional corporation holder, left the Stockton Gentle Dental office to work elsewhere."). The parties shall meet and confer regarding the scheduling of the depositions. The Court DENIES plaintiff's request for monetary sanctions, and DENIES plaintiff's request for an order compelling InterDent to prepare a log of "destroyed" documents.

### IV. Defendant's motion re: Karen Weinberger

InterDent has filed a motion to compel a further deposition of Ms. Weinberger and for an *in camera* review of an unredacted version of the records that Ms. Weinberger produced in response to InterDent's subpoena. Ms. Weinberger's attorney objects to any further deposition, as does plaintiff.

In order to resolve the issues related to Ms. Weinberger's deposition, the Court must review the deposition transcript. Accordingly, InterDent is directed to file, under seal, a copy of Ms. Weinberger's deposition transcript, no later than **August 16, 2010**. In addition, the Court directs Ms. Weinberger to lodge an unredacted copy of the records she produced for the Court's *in camera* review no later than **August 16, 2010**. If the parties wish to stipulate to a later deadline for submission of the deposition

---

[2] It is unclear from InterDent's papers whether InterDent has, in fact, not searched for or produced responsive documents based on its current assertion that it does not have possession, custody or control over the documents. If InterDent has not searched for or produced responsive documents on this ground, the Court directs InterDent's counsel to inform plaintiff's counsel of such by **August 13, 2010**, and plaintiff may take appropriate action.

transcript and the documents for *in camera* review, they may do so.

**IT IS SO ORDERED.**

Dated: August 11, 2010

SUSAN ILLSTON
United States District Judge